IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

           Plaintiff

v.

EDGAR MIRANDA,

           Defendant.

OPINION AND ORDER

08-cr-76-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Before the court is defendant Edgar Miranda's motion to dismiss the superseding indictment for an alleged violation of the Speedy Trial Act, 18 U.S. C. § 3161. The government opposes the motion, arguing that although more than a year has passed since defendant's initial appearance in this case, only two months have passed on the Speedy Trial clock. For the reasons stated below, I am denying defendant's motion to dismiss.

## BACKGROUND FACTS

On May 14, 2008 the grand jury returned a one-count indictment against defendant, charging him with conspiracy to possess cocaine with intent to distribute it. Defendant was arrested and had his initial appearance on May 14, 2008. Defendant told the court he intended to hire his own lawyer and the court gave him time to do so. On May 21, 2008, defendant reported that he needed court-appointed counsel. That same day the court appointed counsel and set arraignment for May 28, 2008.

Copy of this document has been provided to: all counsel
via NEF
this 18 day of June, 2009
by
M. Hardin, Secretary to
Judge John C. Shabaz

At the May 28, 2008 arraignment, the court set a pretrial motions deadline of July 14, 2008 and set trial for August 28, 2008.

On July 11, 2008, defendant's current lawyer filed an appearance on defendant's behalf and asked the court to strike the entire schedule so that he could have sufficient time to prepare. The court granted this request and reset the motions deadline for August 18, 2008, the motions hearing date for August 21, 2008 and agreed to set the rest of the schedule at the motions hearing. By counsel, defendant then filed two motions to suppress, on which the court took evidence and set briefing at the August 21, 2008 motions hearing. The court also set the remainder of the calendar. Magistrate Judge Crocker offered trial dates of September 28, 2008 or November 10, 2008, noting the court's keen interest in using one of these dates because the next trial date was not until February 2009, which from the court's perspective was too long to wait. But defense counsel was unavailable on those dates, so at his request, the court set the trial for February, 2, 2009, offering to move it forward if an earlier date became available. Dkt. #34 at 58-61.

Briefing on the suppression motions concluded on October 7, 2008 and the magistrate judge issued a report and recommendation on December 29, 2008 recommending that the court deny defendant's motions. Defendant filed no objections, so on January 21, 2009, the court adopted the report and recommendation and denied the motions.

In the interim, on January 7, 2009, the grand jury returned a superseding indictment adding two substantive counts of possessing cocaine with intent to distribute it, acts that

2

were allegedly part of the already-charged conspiracy and did not significantly change the contours of the government's case. Even so, on January 13, 2009, defendant's counsel filed a motion to continue the trial date. At a January 22, 2009 telephonic hearing, the court expressed incredulity that defense counsel actually needed until April to prepare for trial and expressed alarm at the slow pace of the case, which for the most part was attributable to the defense team's calendar and its expressed need for more preparation time. Nonetheless, as a result of counsel's representations that the defense would be prejudiced if the court did not grant a two-month extension, the court moved the trial to April 13, 2009. The court explicitly excluded all time from January 7, 2009 to April 13, 2009 from computation under the Speedy Trial clock.

On March 19, 2009 the court had to reschedule this trial because of a conflict with surgery scheduled for April 13. The court's preference was to move defendant's trial date *earlier*, to April 6, 2009. Court staff offered this trial date to the attorneys. Defendant's attorney, by staff, cited a conflict with a trial in North Dakota and reported that counsel's calendar through all of April and May was busy. See attached March 19, 2009 e-mails between chambers and the clerk's office. The court moved the trial date to June 22, 2009, without making any explicit findings regarding the Speedy Trial Clock. If the court had had any inkling that defendant later would seek dismissal based on this extension, then the court either would have made the required findings on March 19, 2009 or it would have set an earlier trial date regardless of counsel's scheduling conflicts. This court could have tried

3

defendant's case during the weeks of April 6, 2009 (the date rejected by defendant's attorney), April 27, May 4, May 26, June 1 or June 15, 2009. It was not an option to keep the April 13 trial date and reassign this case to another judge because the only other Article III judge in this court was on extended medical leave.

On June 11, 2009, defendant filed the instant motion to dismiss, claiming that the Speedy Trial Clock had run.

## ANALYSIS

The Speedy Trial Act requires that the trial of a defendant commence within seventy days of his first appearance before the court. 18 U.S.C. § 3161(c)(1). Certain periods of delay are excluded from this seventy-day clock, including delay resulting from any pretrial motion, from the time of filing the motion through the prompt resolution of the motion. 18 U.S.C.§ 3161(h)(1)(F). (Contrary to the parties' assumption, the suppression motions in this case were not resolved by the report and recommendation but by the court's January 21, 2009 order adopting it).

Time also is tolled for any delay resulting from a continuance granted on the court's own motion or on motion of one of the parties, if the court grants the continuance on the basis of its findings that the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial. Such a delay is excludable only if the court sets forth on the record its reasons for making this finding. 18 U.S.C. §

4

3161(h)(8)(A). In making such a finding, the court may consider whether failure to grant the continuance would deny the defendant continuity of counsel. 18 U.S.C. § 3161(h)(8)(B)(iv). It is better practice for the court to make these findings at the time it grants the continuance or at least prior to the filing of the motion to dismiss, but the Act does not make this a requirement. United States v. Rollins, 544 F.3d 820, 830 (7th Cir. 2008); United States v Larson, 417 F.3d 741, 746 (7th Cir. 2005). Finally, as the court noted in Larson,

> [T]he purpose of the Speedy Trial Act is to protect the defendant from excessive pre-trial delay and incarceration by the government and to protect the public's interest in the speedy resolution of justice. The Act certainly was not meant to hamstring a defendant by pushing him into trial unprepared, which skews the fairness of the entire system, or to permit opportunistic behavior by defendants who request continuances for their benefit and then seek to have the accompanying delay count against the 70-day limit.

Larson, 417 F.3d at 746.

The parties have calculated the exclusions from the Speedy Trial Clock differently. The government suggests either *no* non-excludable days, or at most 59 non-excludable days. Defendant argues that the number of non-excludable days is between 70 and 72 days. The two disputed points are whether this court can or should make post hoc findings under § 3161(h)(8)(A) and whether the time after defendant's initial appearance while he was seeking retained counsel should be omitted.

In hindsight, I should have made specific findings excluding time between April 13, 2009 and June 22, 2009, but it did not occur to me at the time to do so because this 59-day delay was caused by the court's accommodation of defense counsel's schedule. True, it was at the court's direction that the April 13 trial date was moved, but the court was willing to try the case on at least six earlier dates, including April 6, 2009, which the court explicitly offered to the parties on March 19, 2009. Defendant's attorney, through staff, declined this offer and indicated that counsel was not available until June. This was the direct and sole cause for this court's grant of a continuance until June 22, 2009.

It would have violated defendant's Sixth Amendment right to counsel of his choice for this court arbitrarily to reschedule the trial to a time when defendant's chosen attorney would not be available. See United States v. Santos, 201 F.3d 953, 958 (7th Cir. 2000). A conflict between the Speedy Trial Act and a defendant's right to counsel of his choice should be decided in favor of the Sixth Amendment. Id. at 959. This court had defendant's best interests in mind when it set the June 22, 2009 trial date, preserving defendant's right to effective assistance of counsel. Therefore, this time was and is properly excludable under § 3161(h)(8)(A). United States v. Moutry, 46 F.3d 598, 601 (7th Cir. 1995).

The court should have provided this explanation on March 19, 2009, had it anticipated that the Speedy Trial Clock would become an issue. It seemed improbable: the court offered defendant an earlier trial date, he declined it, defendant did not object to the June 22 trial date, this date was set to accommodate his attorney, and defendant had

6

requested and received two previous postponements of the trial date. Cf. United States v. Baskin-Bey, 45 F.3d 200, 204 (7th Cir. 1995) (defendant cannot ask that trial date be delayed to suit her, implicitly agree to exclusion of time, then later ask to count the time against the Speedy Trial Clock). In any event, the reason for this exclusion is clearly discernible from the record: the court set a June trial date in the interests of justice to allow defendant to keep the same lawyer. This is enough to satisfy § 3161(h)(8)(A). Id. These same facts show that defendant suffered no prejudice as a result of this delay. This court initially set this case for trial on August 28, 2008, three months after defendant's arraignment. The three postponements that followed were granted to accommodate defendant and his attorney.

## ORDER

It is ORDERED that defendant Edgar Miranda' motion to dismiss the indictment is DENIED.

Entered this _18th_ day of June, 2009

BY THE COURT:

Barbara B Crabb
BARBARA B. CRABB
District Judge

From:    "Barbara Crabb" <Barbara.Crabb@wiwd.uscourts.gov>

To:      <lynn_kamke@wiwb.uscourts.gov>

Date:    03/19/2009 10:52 AM

Subject: Re: US v Edgar Miranda, 08-cr-76

absolutely. That would be my first choice if counsel can agree.

>>> <Lynn_Kamke@wiwd.uscourts.gov> 3/19/2009 10:35:25 AM >>>

Dear Judge Crabb:

I had made myself a note to reschedule this trial. It is currently on the calendar for April 13.

Would it be alright if I tried to move this trial up one week, to April 6? I believe the Parenteau trial is going to be rescheduled. A motion to strike the calendar was filed yesterday.

Thanks,
Lynn

| | |
|---|---|
| From: | "Barbara Crabb" <Barbara.Crabb@wiwd.uscourts.gov> |
| To: | <lynn_kamke@wiwb.uscourts.gov> |
| Date: | 03/19/2009 02:38 PM |
| Subject: | Re: US v Edgar Miranda, 08-cr-76 |

I can do the trial on April 15 IF there is nothing else scheduled that week and IF the lawyers know that I have to leave Friday afternoon (for Wash for chief judges' conf.) The surgery is easy but I know from last time that it's also exhausting.

>>> <Lynn_Kamke@wiwd.uscourts.gov> 3/19/2009 1:46:26 PM >>>
Dear Judge Crabb:

I called defense counsel to check his availability for April 6 and he is starting a trial in South Dakota that day. His secretary checked his calendar and he has quite a few other matters scheduled that week and throughout April and May, but she indicated that some of them might settle. She didn't know exactly which ones would settle, so she will have the attorney call me back.

I was wondering what your thoughts might be on scheduling this trial to start on Wednesday, April 15? The attorneys predict the trial to take 2 days.

The afternoon of April 16 looks quite busy right now. There are several final hearings set, but some of them should come off the calendar when the plea hearings are set.